**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000436**
**22-AUG-2017**
**08:21 AM**

NO. CAAP-16-0000436

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DP, Plaintiff-Appellee, v.
JP, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 14-1-0175)

MEMORANDIM OPINION
(By: Leonard, Presiding Judge, and Reifurth and Ginoza, JJ.)

This appeal arises from divorce proceedings between Defendant-Appellant, JP ("Father"), and Plaintiff-Appellee, DP ("Mother"). Father appeals from the May 3, 2016 Divorce Decree that was issued by the Family Court of the Third Circuit ("Family Court"),[1] which dissolved the marriage of Mother and Father, awarded sole legal and physical custody of the couple's two children (collectively, the "Children") and related child support to Mother, and ordered the division and distribution of the couple's property and debts. We dismiss the portion of Father's appeal regarding division and distribution of property for lack of appellate jurisdiction, vacate and remand the portions of the Divorce Decree regarding child support and attorneys' fees and costs, and affirm the Divorce Decree in all other respects.

I.    BACKGROUND

Mother and Father were married on September 9, 2011, in Kailua-Kona, and together had the Children. Mother and Father

---

[1]    The Honorable Lloyd Van De Car presided.

each have a child from prior relationships.  Father is an airline pilot and Mother was unemployed at the time of the trial. Mother, the Children, and Mother's child ("Third Child") reside in the marital residence in Pahoa, Hawaiʻi, while Father lives with his parents in Eagle River, Alaska.

Mother and Father separated on June 15, 2014, and Mother filed the Complaint for Divorce on June 20, 2014. Mother's complaint requested sole legal and physical custody of the Children and spousal support.

On October 8, 2014, the Family Court issued an Order Listing Real Property for Sale, and an Order Regarding Inspection of Residence and Storage Locker, which granted Father's motion to list the marital residence for sale at fair market value, and to access the marital residence to retrieve his personal property. On December 1, 2014, the Family Court ordered Father to "advance $5,000.00 for legal fees and costs to [Mother]'s attorney[.]" Father failed to advance the money and, on April 27, 2015, the Family Court ordered that a judgment be entered against Father for $5,000.00.

The Family Court held a trial to address child custody, spousal support, child support, and the division of marital assets and debts.  On March 11, 2016, the Family Court issued its Findings of Fact, Conclusions of Law, and Decision of the Court ("FOFs/COLs/DOC").  On May 3, 2016, the Family Court issued the Divorce Decree which dissolved the couple's marriage, awarded sole physical and legal custody of the Children to Mother, and ordered monthly child support in the amount of $2,977.00, did not award spousal support, and divided and distributed most of the couple's property and debts.  Father timely appealed.

II.  POINTS OF ERROR

On appeal, Father alleges that the Family Court erred by: (1) failing to award joint physical and legal custody of the Children and by failing to order a detailed visitation plan; (2) awarding child support in excess of 100% of the declared support needs of the Children and by failing to find that exceptional circumstances justified deviation from the child support

2

calculation; (3) failing to credit Father for 50% of the value of his personal property left at the marital home; (4) failing to credit Father for at least 50% of the mortgage payment when it specifically found that there were no valid and relevant considerations to deviate from marital partnership principles; (5) failing to credit Father for his payments on the automobile loan; (6) failing to credit Father for the value of household items that he paid for that were left in the marital residence; (7) awarding Mother excessive attorneys' fees; and (8) failing to correct "confusing language" in the Divorce Decree.

III. STANDARDS OF REVIEW

### Family Court Decisions

> Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decision on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

*Kakinami v. Kakinami*, 127 Hawai'i 126, 136, 276 P.3d 695, 705 (2012) (quoting *Fisher v. Fisher*, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006)).

> It is well established that a family court abuses its discretion where "(1) the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant; (2) the family court failed to exercise its equitable discretion; or (3) the family court's decision clearly exceeds the bounds of reason."

Id. at 155-56, 276 P.3d at 724-25 (emphasis omitted) (quoting *Tougas v. Tougas*, 76 Hawai'i 19, 26[ n.6], 868 P.2d 437, 444[ n.6] (1994)).

*Hamilton v. Hamilton*, 138 Hawai'i 185, 197, 378 P.3d 901, 913 (2016). "Furthermore, '[t]he burden of establishing abuse of discretion is on appellant, and a strong showing is required to establish it.'" *Ek v. Boggs*, 102 Hawai'i 289, 294-95, 75 P.3d 1180, 1185-86 (2003) (quoting *Lepere v. United Pub. Workers, Local 646*, 77 Hawai'i 471 474 n.5, 887 P.2d 1029, 1032 n.5 (1995)).

### Child Support

> Findings of fact are reviewed under the clearly erroneous standard of review. Decisions determining what is an exceptional circumstance authorizing an exceptional

> circumstance deviation (ECD) from the 1998 ACSG are
> conclusions of law reviewed de novo under the right/wrong
> standard of review.  Decisions whether to order ECDs are
> discretionary decisions reviewed under the abuse of
> discretion standard of review.

*Child Support Enforcement Agency v. Doe*, 104 Hawai‘i 449, 455, 91
P.3d 1092, 1098 (App. 2004) (citations omitted).

*Findings of Fact/Conclusions of Law*

> The family court's FOFs are reviewed on appeal
> under the "clearly erroneous" standard.  A FOF is
> clearly erroneous when (1) the record lacks
> substantial evidence to support the finding, or (2)
> despite substantial evidence in support of the
> finding, the appellate court is nonetheless left with
> a definite and firm conviction that a mistake has been
> made.  "Substantial evidence" is credible evidence
> which is of sufficient quality and probative value to
> enable a person of reasonable caution to support a
> conclusion.

> On the other hand, the family court's COLs are
> reviewed on appeal *de novo*, under the right/wrong
> standard.  COLs, consequently, are "not binding upon
> an appellate court and are freely reviewable for their
> correctness."

> . . . .

> Moreover, the family court is given much leeway
> in its examination of the reports concerning a child's
> care, custody, and welfare, and its conclusions in
> this regard, if supported by the record and not
> clearly erroneous, must stand on appeal.

> [*In re Doe*, 95 Hawai‘i 183, 190, 20 P.3d 616, 623 (2001)]
> (citations, some internal quotation marks, brackets, and
> ellipsis points omitted).

*Fisher v. Fisher*, 111 Hawai‘i 41, 46, 137 P.3d 355, 360 (2006).

IV.  DISCUSSION

A.  Property division

As a preliminary matter, this court lacks jurisdiction
to review the portions of the Divorce Decree pertaining to the
division and distribution of property.  Thus, we cannot address
Father's points of error 3, 4, 5, and 6.

> Hawaii divorce cases involve a maximum of four
> discrete parts: (1) dissolution of the marriage; (2) child
> custody, visitation, and support; (3) spousal support; and
> (4) division and distribution of property and debts. *Black
> v. Black*, 6 Haw.App. 493, 728 P.2d 1303 (1986). In *Cleveland
> v. Cleveland*, 57 Haw. 519, 559 P.2d 744 (1977), the Hawaii
> Supreme Court held that an order which finally decides parts
> (1) and (4) is final and appealable even if part (2) remains
> undecided. Although we recommend that, except in
> exceptionally compelling circumstances, all parts be decided

> simultaneously and that part (1) not be finally decided
> prior to a decision on all the other parts, we conclude that
> an order which finally decides part (1) is final and
> appealable when decided even if parts (2), (3), and (4)
> remain undecided; that parts (2), (3), and (4) are each
> separately final and appealable as and when they are
> decided, but only if part (1) has previously or
> simultaneously been decided; and that if parts (2), (3),
> and/or (4) have been decided before part (1) has been
> finally decided, they become final and appealable when part
> (1) is finally decided.

*Eaton v. Eaton*, 7 Haw. App. 111, 118-19, 748 P.2d 801, 805 (App. 1987) (determining that this court lacked jurisdiction over a portion of the appeal because the family court expressly left the distribution and division of personal property to the parties, despite the fact that the parties had proven themselves incapable of doing so on their own).

Here, parts 1, 2, and 3 of the Divorce Decree, which address the dissolution of the marriage; child custody, visitation, and support; and spousal support, respectively, are final and appealable. Part 4, however, is not final and appealable because the Family Court has not fully and finally divided and distributed all of the property and debts of Mother and Father over which it had jurisdiction.

In both the Divorce Decree and FOFs/COLs/DOC, the Family Court stated that the jointly owned household furniture and equipment at the marital residence should be divided equally between the parties by mutual agreement. While the Family Court calculated the value of the household goods, entered the value on the Property Division Chart, and divided the total equally between Mother and Father, the Family Court did not expressly or implicitly divide and distribute the household goods and furnishings of the parties. Rather, even when faced with the expressed inability and unwillingness of Mother and Father to do so on their own, the Family Court left the division of the household goods and furnishings to Mother and Father. Father's points of error include contentions that the Family Court failed to credit him for 50% of the value of personal property left at the residence, and for the value of household items he paid for that were left at the residence. Accordingly, this court does not have appellate jurisdiction to review the Divorce Decree as

to the division of property and debts, credit for personal property, or the value of household items personally paid for that were left at the residence. *Hamilton v. Hamilton*, No. CAAP-14-0000519, 2014 WL 2198378, at *2 (Haw. Ct. App. May 27, 2014) (noting that even if the family court decided part 1, it did not decide part 4 of the divorce case by fully dividing and distributing all of the property and debts, and thus it was not eligible for appellate review under *Eaton*). Thus, we dismiss the appeal with regard to the division and distribution of property and debts.

       B.    Child custody and visitation

In Father's first point of error, he claims that "[t]he Family Court erred in [its] decision and divorce decree by failing to award the parties joint physical and legal custody and by failing to order a detailed visitation plan addressing the family needs as sought by [Father]." Father "strongly disagrees with the findings of the court . . . that due to the 'level of conflict' between the parties the best interests of the [C]hildren are served by awarding [Mother] sole legal and physical custody of the [C]hildren[,] and argues that the finding is not supported by the record and is an abuse of discretion." Father instead contends that it would be in the Children's best interest for the Family Court to adopt his comprehensive parenting plan. Having closely reviewed the record, including Father's parenting plan, we conclude that the Family Court did not abuse its discretion in its custody ruling.

The Hawaiʻi Supreme Court has held that "[t]he determination of the care, custody and control of a minor child in a divorce proceeding is peculiarly within the wide discretionary power of the trial court whose paramount consideration is the welfare of the minor child." *Crow v. Crow*, 49 Haw. 258, 261, 414 P.2d 82, 85 (1966). In determining what constitutes the best interest of the child under Hawaii Revised Statutes ("HRS") section 571-46 (Supp. 2014), the Family Court is directed to consider "[t]he areas and levels of conflict present within the family[.]" Haw. Rev. Stat. § 571-46(b)(15).

Here, in its COLs, the Family Court identified the

enumerated considerations provided in HRS section 571-46 for determining best interests of the Children. In COL 8[2/], the Family Court determined that "[n]either parent has been cooperative in developing and implementing a plan to meet the needs of the children[,]" that "there is now and likely to continue substantial conflict between the parents concerning what is best for the children, what level of financial support ought to be awarded, and how best to move forward with their and their children's lives[,]" that "because [Mother] has spent more time with and caring for the children prior to and after the separation of the parties, she has established and maintained a better overall relationship with both of the children[,]" and that Mother "is meeting the physical health, emotional, safety and educational needs of the children[.]" Father does not contest COL 8, and COL 8 is "sufficiently comprehensive and pertinent to the issues to disclose to this court the steps by which [the family court] reached its ultimate conclusion on each factual issue." *Doe v. Roe*, 5 Haw. App. 558, 566, 705 P.2d 535, 543 (App. 1985) (citing *Nani Koolau Co. v. K & M. Constr. Inc.*, 5 Haw. App. 137, 140, 681 P.2d 580,, 584 (1984)). COL 8 indicates that the Family Court considered the requirements of HRS section 571-46(b) in determining the best interests of the Children, and supports COL 9, which determined that sole physical and legal custody of the Children be awarded to Mother due to the level of conflict between the parties. *See MHL v. HJKL*, No. CAAP-14-0000697, 2016 WL 806200, at *3-4 (Haw. Ct. App. Mar. 1, 2016) (noting that the trial court did not abuse its discretion when it granted mother sole legal and physical custody because of continued disagreements about timesharing).

Father attacks the credibility determinations made by the Family Court. It is well settled, however, that "[t]he appellate courts will give due deference to the right of the

---

[2/]    COL 8 appears to contain findings of fact, rather than conclusions of law. "[A] trial court's denomination of a FOF or a COL is not determinative of the standard of review to be applied on appeal." *Schiller v. Schiller*, 120 Hawaiʻi 283, 301, 205 P.3d 548, 566 (App. 2009) (citing *Crosby v. State Dep't of Budget & Fin.*, 76 Hawaiʻi 332, 340, 876 P.2d 1300, 1308 (1994)).

trier of fact 'to determine credibility, weigh the evidence, and draw reasonable inferences from the evidence adduced.'" *In re Doe*, 107 Hawai'i 12, 19, 108 P.3d 966, 973 (2005) (quoting *State v. Lubong*, 77 Hawai'i 429, 432, 886 P.2d 766, 769 (App. 1994)). Therefore, this court declines to weigh the evidence and address credibility as Father requests.

Father fails to demonstrate that the Family Court abused its discretion in awarding sole legal and physical custody of the Children to Mother, subject to Father's visitation, and accordingly we find none. Furthermore, Father has not provided any specific argument relating to the Family Court's ruling on visitation other than the argument addressed in Section E below.

C.    Child support

Father's second argument on appeal is that "[t]he Family Court erred in [its] decision, decree and order for income assignment . . . by awarding child support in excess of 100% of the declared support needs of the [C]hildren and by failing to find the existence of exceptional circumstances justifying deviation from the child support calculation." Father asserts that the amount of child support awarded to Mother exceeds the declared needs of the Children, and that the Family Court included Third Child's needs in its calculations for child support owed by Father. Father also argues that the Family Court erroneously included Mother and Third Child's needs into the amount of child support necessary to determine the appropriate standard of living of the Children. Father contests FOF 27, COL 11, COL 18, and DOC 3, and relies on *Matsunaga v. Matsunaga*, 99 Hawai'i 157, 53 P.3d 296 (App. 2002) to support his argument. Father's argument has merit.

As authorized under HRS section 576D-7(a) (2006), the Hawai'i Child Support Guidelines set forth criteria for establishing the proper amount of child support. HRS section 571-52.5 (2006) requires that the Family Court use the Child Support Guidelines Worksheet ("CSG Worksheet") to calculate support awards "except when exceptional circumstances warrant departure." Haw. Rev. Stat. § 571-52.5. The Hawai'i Supreme Court recently stated that

> the family court was first required to utilize the Guidelines Worksheet and compute a support amount. Only after determining the support amount using the Guidelines Worksheet may the court consider whether exceptional circumstances permit deviation from that amount. If the court concludes that such circumstances exist, it must then make findings of fact with respect to both the support amount determined by the Guidelines Worksheet and the exceptional circumstance(s) that would justify deviation from this amount.

*P.O. v. J.S.*, 139 Hawai'i 434, 444, 393 P.3d 986, 996 (2017). This court presumes that "the amount of child support necessary to fund the appropriate standard of living is the total amount computed according to Parts I, II, and III [of the CSG Worksheet]." *Matsunaga*, 99 Hawai'i at 167, 53 P.3d at 306.

> It is the burden of the party alleging the 'exceptional circumstance' to prove that the amount of child support necessary to fund the appropriate standard of living is less than the total amount computed according to Parts I, II, and III of the [CSG Worksheet] and to prove how much less.

*Id.* Further in *Matsunaga*, this court determined that "'[a]n unusually high monthly income that would result in a computation higher than the reasonable needs of the children' is one 'exceptional circumstance' warranting departure." *Id.* at 166, 53 P.3d at 305 (quoting *Richardson v. Richardson*, 8 Haw. App. 446, 457, 808 P.2d 1279, 1286 (1991)).

> In order for Father to prove such,
>
> the three questions of fact that must be answered are: (1) What is the appropriate standard of living? (2) What is the total cost of the children's reasonable needs at the appropriate standard of living? (3) If the answer to question (2) is less than the total amount computed according to Parts I and II of the [CSG Worksheet], then the case involves an exceptional circumstance.

*Richardson*, 8 Haw. App. at 457, 808 P.2d at 1287. In *Richardson*, we instructed the family court to look at the following to determine a child's appropriate standard of living: "(a) the parents' prior financial situation; (b) the custodial parent's current financial situation; and (c) the noncustodial parent's current financial situation[.]" *Id.* at 458, 808 P.2d 1279, 1287.

Here, the Family Court used the CSG Worksheet to calculate the child support award. Father does not contest FOF 5, which states that his gross monthly income is $13,808, or contend that FOF 15 is incorrect when it imputes $2,080 a month as Mother's income. Although Father asserts that the Family

Court erred when it added Third Child's needs into the CSG Worksheet calculations, the CSG Worksheet reflects that the Family Court calculated the child support award based only on the Children.  Accordingly, the Family Court did not err in calculating the amount of child support based on the gross monthly income of the parties on the CSG Worksheet.  *Jacoby v. Jacoby*, 134 Hawai'i 431, 446, 341 P.3d 1231, 1246 (App. 2014) (noting child support obligations are based in part on the monthly gross incomes of the parents); *Matsunaga*, 99 Hawai'i at 167, 53 P.3d at 306 (determining that "[p]resumptively, the amount of child support necessary to fund the appropriate standard of living is the total amount computed according to Parts I, II, and III of the [CSG Worksheet]").

However, Father is correct that the Family Court abused its discretion in determining the answer to the ancillary question of whether there were exceptional circumstances warranting deviation from the CSG Worksheet when calculating child support.  Although the Family Court explicitly stated in COL 11 that it "exclud[ed] the expenses attributed to [Mother's] older child[,]" and the court appears to have done so with regard to the Children's personal monthly expense total on Mother's Income and Expense Statement, the Family Court erred when it concluded that "[t]here are no exceptional circumstances [that] exist warranting a deviation from the Child Support Guidelines. *Including [Mother's] shelter care costs, but excluding the expenses attributed to [Third Child]*, her need exceeds [Father's] child support obligation as determined by the [CSG] Worksheet."

Mother's shelter care costs should not be considered in determining whether an exceptional circumstance warrants a deviation from the CSG Worksheet when calculating child support. *Cf. Richardson*, 8 Haw. App. at 458-59, 808 P.2d at 1287 (noting that the amount of child support awarded "does not fund the children's share of mother's monthly expenses for housing, car, and utilities"); *Jane Doe VI, v. Richard Roe VI*, 6 Haw. App. 629, 641, 736 P.2d 448, 456-57 (1987) (prior to the implementation of the CSG worksheet, this court noted that "[t]he court must be cognizant of the fact that to raise the mother's standard of

living through the vehicle of child support would constitute the imposition of an unauthorized obligation on part of the father toward the mother." (quoting *Kathy G.J. v. Arnold D.*, 501 N.Y.S.2d 58, 64 (N.Y. App. Div. 1986)) (internal quotation marks and original brackets omitted)); *but see Child Support Enforcement Agency v. Doe*, 98 Hawai'i 58, 69, 41 P.3d 720, 731 (App. 2001) (this court concluding that there was no abuse of discretion even though the family court's child support award of $1,430 was $873 more than the child's actual monthly personal expenses, and $327 more than all of his share of the actual monthly expenses put together).

Therefore, the Family Court abused its discretion in including the expenses of Mother in determining whether an exceptional circumstance existed to warrant a deviation from the CSG Worksheet calculation. We do not reach the question of whether the Family Court erred in the result that it reached, but only that it reached that result while incorporating an extraneous factor in its analysis.

D. Attorneys' fees and costs

In his seventh point of error, Father asserts that "[t]he Family Court erred in [its] decision and decree by awarding wife excessive attorney's fees without an adequate factual basis and as such the award constitutes an abuse of discretion." In light of our decisions on the issues above, this court is unable to conclude whether the award of attorneys' fees and costs is just and equitable under HRS section 580-47(a).

E. Confusing language/attached documents.

Father contends in his eighth point of error that "[t]he Family Court erred in the language of the divorce decree by failing to correct confusing language." Father provides no legal support for his contention that this is error, and instead asserts that the Family Court failed to attach Exhibits "A" and "B" to the Divorce Decree, and thus Father was left to guess. Father appears to misunderstand part of the instructions of the Divorce Decree.

11

Father points to paragraph 3 of the Divorce Decree, which states the following, in relevant part:

> 3.    The Plaintiff is awarded sole legal and physical custody of the parties' minor children.  Defendant shall be awarded reasonable visitation with the minor children as outlined in #10 of the Findings of Fact, Conclusions of Law and Decision of the Court; Exhibit "A" and "B" filed on March 11, 2016.

This reference is not confusing as it clearly refers to the FOF/COL/DOC to which Exhibits A and B are attached.

Father is correct that the Family Court did not attach the CSG Worksheet as Exhibit A as is stated in paragraph 4 of the Divorce Decree.  Although the failure to attach an Exhibit A to the Divorce Decree might create some confusion, the CSG Worksheet can easily be found attached as Exhibit A to the FOF/COL/DOC, which is plainly stated in paragraph 3.  Thus, the Family Court's failure to attach the CSG Worksheet to the Divorce Decree is harmless.

V.    DISPOSITION

Based on the foregoing, we dismiss Father's appeal regarding division and distribution of property for lack of appellate jurisdiction; vacate the portions of the Divorce Decree with respect to child support, and attorneys' fees and costs, and remand to the Family Court for further proceedings.  We affirm the May 3, 2016 Divorce Decree in all other respects.

DATED:  Honolulu, Hawai'i, August 22, 2017.

On the briefs:

Douglas L. Halsted
for Defendant-Appellant.

Brian J. De Lima and
Justin P. Haspe
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

12